UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRENDA MANARD and                                           CIVIL ACTION
ROBERT L. MANARD, III

VERSUS                                                      NO. 06-7148

BANKERS INSURANCE COMPANY,                                  SECTION F
THE AMERICAN INSURANCE COMPANY,
FIREMAN'S FUND INSURANCE COMPANY,
and THE PARISH OF JEFFERSON

## ORDER AND REASONS

Before the Court are two motions: (1) Fireman's Fund's motion to sever misjoined claims; and (2) the plaintiffs' motion to remand. For the reasons that follow, the defendants' motion is GRANTED the plaintiffs' motion is DENIED without prejudice.

## Background

The Manards' house suffered wind and flood damage during Hurricane Katrina. Their house was located a block away from the canal and pumps that failed in Jefferson Parish after the storm. They sued their homeowners insurer, Firemen's Fund/American Insurance Company,[1] their excess flood carrier, Bankers Insurance Company, and Jefferson Parish and Aaron Broussard. They assert claims against the insurance companies for failing to fully pay their claims and assert claims against Jefferson Parish and Aaron Broussard for failure to properly maintain the pumping and drainage

---

[1] American Insurance Company is a wholly-owned subsidiary of Fireman's Fund. Fireman's Fund is a citizen of California.

1

system.

On August 29, 2006, the plaintiffs filed suit in the 24th Judicial District Court for Jefferson Parish. Fireman's Fund removed the suit to this Court on October 2, 2006. In the Notice of Removal, Fireman's Fund removed pursuant to 28 U.S.C. § 1332, alleging that the Court has jurisdiction over plaintiffs' claims against it. In so arguing, Fireman's Fund contends that the Court should disregard the citizenship of Jefferson Parish in determining its diversity jurisdiction because the in-state defendants were improperly joined. The plaintiffs move to remand and Fireman's Fund seeks severance of the claims against it and Jefferson Parish.

## Law and Application

A. The Standard to Sever Claims

The Federal Rules permit "any claims against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21.[2] It is within the Court's discretion to determine if severance is necessary, and an important consideration is whether parties have been improperly or fraudulently joined in an attempt to defeat diversity jurisdiction. In re Benjamin Moore and Co., 309 F.3d

---

[2] Courts are divided on whether federal or state rules of joinder should be applied to determine if a claim should be severed. See Jones v. Nastech Pharmaceutical, 319 F. Supp. 2d 720, 725-26 (S.D. Miss. 2004). However, because the standards for joinder presented in Rule 20 of the Federal Rules of Civil Procedure and Article 463 of the Louisiana Code of Civil Procedure are very similar, there is not a material difference in the Court's application of these rules.

2

296, 298 (5th Cir. 2002) (court should consider whether misjoinder of a non-diverse party should be allowed to defeat diversity jurisdiction).

Joinder of parties is proper if: "(1)[a plaintiff has asserted against the defendants] any right to relief jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and (2) if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a). Further, to prevent delay or prejudice, the Court may order separate trials.  Fed. R. Civ. P. 20(b).

B. <u>Severing the Claims Against Fireman's Fund and Jefferson Parish</u>

The Court has addressed this issue before in <u>Defourneaux v. Metropolitan Property and Casualty Ins. Co.</u>, 2006 WL 2524165 (E.D. La. 2006).  In <u>Defourneaux</u>, the Court determined that the joinder of the plaintiffs' claims against its insurance company with its claims against Jefferson Parish offended Rule 20.  <u>Id.</u> at *1.  The Court determined that different issues of law were presented because the claims against the insurance company were grounded in contract law, and the claims against Jefferson Parish were based on negligence and tort theories.  <u>Id.</u>  Thus, the claims presented neither overlapping questions of fact nor related issues of law. <u>Id.</u> (noting that "[t]he plaintiffs' claim against Jefferson Parish

3

will require discovery as to the operation of the pumping and drainage system, while the plaintiffs' claim against [the insurance company] will require an investigation into the processing and handling of the plaintiffs' insurance claim").

Likewise, the Court finds that the claims against Fireman's Fund and Jefferson Parish have been improperly joined, and as such, should be severed.  As the Court noted in Defourneaux, "[t]he only common factual thread between the claims is Hurricane Katrina, an uncontested fact of which the Court will take judicial notice." Id. (citing Smith v. Nationwide Mut. Ins. Co. et al., 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003) (plaintiff's claims against insurer defendant for breach of contract and tortfeasor defendant for negligence should be severed)).

C.   Plaintiffs' Motion to Remand

Because the Court has determined that severance is appropriate, the Court determines that it has diversity jurisdiction over the plaintiffs' claims against Fireman's Fund. The plaintiffs' severed state law claims against Jefferson Parish are hereby remanded to the 24th Judicial District Court for Jefferson Parish.

The plaintiffs' claims against the defendants do not arise from the same transaction or occurrence, and do not present common issues of law or fact, and as such, have been improperly joined. Fireman's Fund's Motion to Sever is GRANTED.  The plaintiffs'

4

motion to remand is DENIED as to its claims against the defendant insurance companies and GRANTED as to its state law claims against Jefferson Parish.

New Orleans, Louisiana, January 22, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE